UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-cr-00119-JPH-MKK |
| ) | |
| THEODORE SWEAT, ) | -12 |
| ) | |
| Defendant. ) | |

**ORDER DENYING MOTION TO REVOKE RELEASE**

Defendant Theodore Sweat is charged by indictment with conspiracy to distribute controlled substances. Dkt. 1. After the Magistrate Judge held a detention hearing and ordered Mr. Sweat released pending trial, dkt. 215, the government filed a motion to revoke that release order, dkt. [213]. For the reasons that follow, the government's motion is **DENIED**.

**I.
Facts and Background**

The indictment charges Mr. Sweat and nineteen other defendants with conspiracy to distribute controlled substances. Dkt. 1. At Mr. Sweat's initial appearance on June 16, 2025, the government moved for pretrial detention, and a hearing was set for June 24, 2025. Dkt. 148. At that hearing, the Magistrate Judge ordered Mr. Sweat released on conditions. Dkt. 215. Those conditions include avoiding all contact with codefendants, not possessing any weapons, random drug testing, participating in substance abuse treatment, and remaining on home detention with GPS monitoring. Dkt. 216.

1

The government has filed a motion to revoke the release order. Dkt. 213. Mr. Sweat responded, dkt. 218, and the government had the opportunity to reply and has not done so, *see* dkt. 214.

The Court has considered the government's motion, dkt. 213; Mr. Sweat's response, dkt. 218; the recording of the Magistrate Judge's detention hearing; the Pretrial Services Report, which was admitted at the detention hearing without objection, dkt. 176; dkt. 215; and the Magistrate Judge's release order. The government has not requested a hearing on the revocation motion, *see* dkt. 213, and the Court has determined that no hearing is necessary. *See United States v. Cox*, No. 1:16-mj-96-MJD, 2016 WL 614333 at *1 (S.D. Ind. Feb. 16, 2016) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)).

## II.
## Legal Standard

After a Magistrate Judge orders a defendant released pending trial, the government may move to revoke that release order; the district court shall determine that motion "promptly." 18 U.S.C. § 3145(a). A motion for revocation of a Magistrate Judge's release determination is reviewed *de novo* by the district court. *United States v. Stewart*, No. 1:23-cr-123-JRS-MG, 2023 WL 8430429, *1 (S.D. Ind. Dec. 5, 2023) (citing *Torres*, 929 F.2d at 291–92).

"[A] finding of either danger to the community or risk of flight will be sufficient to detain the defendant pending trial." *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985). Because Mr. Sweat has been indicted for an offense under the Controlled Substances Act punishable by a prison term of

ten years or more, there is a "rebuttable presumption that there are no conditions [of release] that will assure his appearance and the safety of the community." *United States v. Wilks*, 15 F.4th 842, 846 (7th Cir. 2021) (citing 18 U.S.C. § 3142(e)). "This places a light burden of production on the defendant, but the burden of persuasion always rests with the government." *Id.* at 846–47. Therefore, the government bears the burden of proving by a preponderance of the evidence that defendant poses a risk of flight, and of proving by clear and convincing evidence that no condition or set of conditions will ensure the safety of the community. *Portes*, 786 F.2d at 764–65 (citing 18 U.S.C. § 3142(f)(2)(B)).

In determining whether the government has met its burden, the Court weighs factors identified in 18 U.S.C. § 3142(g): (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and other factors; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

### III.
### Analysis

The parties agree that the rebuttable presumption of pretrial detention applies in this case. *See* dkt 213 at 6; dkt. 218 at 3. Mr. Sweat thus needed to produce some evidence to rebut the presumption that he should be detained pending trial. *Portes*, 786 F.2d at 764. The government argues that Mr. Sweat

3

has not done so because he "did not present any evidence whatsoever rebutting the presumption regarding danger to the community." Dkt. 213 at 6–7. Mr. Sweat proffered, however, that he has a serious heart issue, high blood pressure, vertigo, and various other health-related ailments, and takes "about a dozen prescription medications." Dkt. 218 at 1-4. These facts, along with Mr. Sweat's age, support the reasonable inference that Mr. Sweat's physical capabilities are limited to some extent. Mr. Sweat further proffered that he was not on probation or parole when this alleged offense conduct was committed, has no criminal history involving violence or guns, and—while guns were found in his house—shared his house with someone who may have been legally able to possess them. He therefore has rebutted the presumption based on that evidentiary proffer and the information in the Pretrial Services Report (PS3), *see* dkt. 176. *Wilks*, 15 F.4th at 846 (explaining that the defendant's burden of production to rebut the presumption is "light").

  Still, the statutory presumption does not disappear but is considered together with the § 3142(g) factors in determining whether Mr. Sweat should be detained. *See Wilks*, 15 F.4th at 846–47. The government argues that the § 3142(g) factors support detention. Dkt. 213 at 6–12. Mr. Sweat responds that "he is not a risk of flight and that there are conditions and combinations of conditions [of release] that can reasonably assure the safety of any other person and the community." Dkt. 218 at 3.

4

### A. 3142(g)(1) and (2): The nature and circumstances of the offense charged and the weight of the evidence

Mr. Sweat is charged with one drug-conspiracy offense. Dkt. 1. The government has proffered that Mr. Sweat was a regular purchaser of controlled substances from codefendant Eric Robinson. He would occasionally go himself, but more often would send Andrea Clayton—his codefendant and paramour, who lived with him—to pick up drugs. When DEA agents executed a search warrant at Mr. Sweat's home, they found six firearms in the bedroom, about one ounce of meth, one to two ounces of each of heroin and cocaine, digital scales, and pills that someone had attempted to flush down a toilet.

This charged offense is serious and involves large quantities of narcotics, which is underscored by the 10-year statutory mandatory minimum sentence that Mr. Sweat faces. The nature and circumstances of the offense and the weight of the evidence therefore weigh in favor of detention. *See United States v. Sellers*, No. 1:17- cr-205-TWP, 2017 WL 5622915, at *3–4 (S.D. Ind. Nov. 22, 2017) (finding defendant posed a danger to the community in part because of the trafficking of narcotics).

### B. 3142(g)(3) and (4): The defendant's history and characteristics and the danger posed by release

Mr. Sweat is 67 years old and has lived in the same house for five years, so he has some community ties. He also relies on pension checks for daily needs and requires "about a dozen prescription medications" for his health conditions, including a serious heart condition and vertigo. Dkt. 218 at 2, 4. These facts provide Mr. Sweat incentive to not flee and therefore weigh in favor

of release.  There's also no evidence that Mr. Sweat has missed a court date, and he has no passport.  The Court therefore concludes that the government has not shown by a preponderance of the evidence that conditions of release cannot reasonably assure Mr. Sweat's appearance as required.  18 U.S.C. § 3142(g).

For danger to the community, it's most concerning that agents found six unsecured handguns around the bedroom of his home.  Even if they belonged to Ms. Clayton, who may have been legally allowed to possess them, Mr. Sweat's potential access to firearms posed a grave danger in the context of the charge against him.  *See* dkt. 213 at 8–10.  The drugs found in the home similarly posed a serious danger to the community.  *See id.*  The guns and drugs that were present at Mr. Sweat's residence, combined with his criminal history, weigh in favor of finding that Mr. Sweat presents a danger to the community.

The question under 18 U.S.C. § 3142(g), however, is whether "there are conditions of release" that will ensure the safety of the community.  *Portes*, 786 F.2d at 764.  The conditions of release here are stringent, including no controlled substances, no weapons[1], participating in substance abuse treatment, and home detention with GPS monitoring.  Dkt. 216.  As the Magistrate Judge explained, Mr. Sweat appears able to comply with Court orders, and the Probation Office has many enforcement mechanisms including

---

[1] The Court assumes that the six firearms located at Mr. Sweat's residence were seized in conjunction with execution of the search warrant.

6

home inspections and random drug testing at any time. Moreover, Ms. Clayton will not be residing with Mr. Sweat and he is not permitted to have contact with any codefendant. *See id.*

Finally, Mr. Sweat's age, medical conditions, and lack of violent criminal history decrease the danger posed to the community. The Court therefore concludes that the government has not shown by clear and convincing evidence that no conditions of release would ensure the safety of the community. 18 U.S.C. § 3142(g); *Portes*, 786 F.2d at 764.

## IV.
## Conclusion

The government's motion to revoke Mr. Sweat's release order is **DENIED**. Dkt. [213]; 18 U.S.C. § 3145(a). Mr. Sweat will remain released pending trial under the conditions of supervision ordered by the Magistrate Judge. Dkt. 216.

**SO ORDERED.**

Date: 6/27/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel